UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL JOHN CARR

        Plaintiff,

    v.

CITY OF HILLSBORO, a municipal
corporation; HILLSBORO SCHOOL
DISTRICT, 1J

        Defendants.

Civil No. 06-6060-ST

ORDER

---

HAGGERTY, Chief Judge:

Magistrate Judge Stewart has issued a Findings and Recommendation [75] in this action recommending that plaintiff Michael John Carr's ("Carr" or "plaintiff") Motion for Summary Judgment [28] be denied, defendant City of Hillsboro's ("City") Motion for Summary Judgment [19] be granted, and defendant Hillsboro School District 1J's ("School District") Motion for Summary Judgment [27] be granted. Carr filed objections [77] to the Findings and Recommendation, and the matter was then referred to this court.

1    - ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given this matter a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Stewart provided a thorough analysis of the facts and circumstances regarding this litigation, and the analysis need not be repeated here. For the following reasons, the Findings and Recommendation is adopted.

## ANALYSIS

Plaintiff objects "on the grounds that the Findings and Recommendation did not correctly apply the legal standard of Fed. R. Civ Proc. 56, by improperly adopting findings in support of [defendants] as to factual issues where there is clearly a material dispute of fact in the record . . ." Pl.'s. Objections at 1. Plaintiff contends that, based on the evidence provided, a dispute exists as to whether (1) he trespassed on school property and interfered with school related activities, (2) officers had probable cause to arrest him, (3) police and school officials had First Amendment training for purposes of establishing *Monell* entity liability, and (4) the School District should be jointly liable for his false arrest. These objections will be addressed in turn.

### 1. Trespass and Interference with School Related Activities

Plaintiff contends that the Findings and Recommendation erroneously found "that Plaintiff Carr had actually entered upon school property . . ." and "had caused an interference with school related functions" by blocking students' access to school buses. Pl.'s Objections at 3. However, the Findings and Recommendation did not rely on Carr's alleged trespass in reaching its conclusion. Findings and Recommendation at 19 ("However, even assuming that Carr

remained at all times on the public portion of the sidewalk adjoining the school, [Carr's constitutional] argument fails based on the record before this court."). Instead, the Findings and Recommendation found that Carr's actions on the public sidewalk caused a material disruption to normal school activities. Findings and Recommendation at 20. This court agrees.

Carr's contention that the Findings and Recommendation erred by finding that he blocked student access to school buses is misplaced. Under Local Rule 56.1(f), facts set forth in fact statements or responses thereto are deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party. The School District specifically alleged in its Concise Statement of Material Facts that "[t]he area where [Carr] was standing interfered with the flow of student traffic from the school to the buses, as he was standing in the bus loading zone." Def. Sch. Dist. Concise Statement Facts, ¶ 5. Plaintiff missed his opportunity to rebut that fact by failing to include within his own Concise Statement any allegations to the contrary. A careful reading of plaintiff's Concise Statement of Material Facts finds no refutation to the School District's claim that plaintiff was obstructing the egress and regress of students. Therefore, this court adopts defendants' allegation that plaintiff disrupted the flow of student traffic from school to the buses waiting curbside.

This court agrees with the Findings and Recommendation that "[t]he First Amendment does not provide an unfettered right to conduct expressive activity in any forum under any circumstances." Findings and Recommendation at 20. The Supreme Court held that "expressive activity may be prohibited if it 'materially disrupts classwork or involves substantial disorder or invasion of the rights of others.'" *Grayned v. City of Rockford*, 408 U.S. 104, 118 (1972) (citing *Tinker v. DesMoines Sch. Dist.*, 393 U.S. 503, 513 (1969)). Here, the undisputed facts indicate that plaintiff impaired students' progression to the buses, yelled at the school security guard in front of schoolchildren, frightened many students with his activity, and generally caused

substantial disorder. The Findings and Recommendation relied upon these undisputed facts to reach the conclusion that Carr's First Amendment claim could not withstand summary judgment. After considering plaintiff's objections, this court now joins in that conclusion.

### 2. Probable Cause and False Imprisonment

Plaintiff contends that the City's "alleged claims of probable cause for arresting [p]laintiff are supported only by unsupported suspicions, conjectures, and other misplaced fears by various officers and school officials . . . ." Pl.'s Objections at 6. Plaintiff argues that because the police ultimately dropped the trespass charges against him and lacked any objective evidence that he had impeded the flow of student traffic, the City lacked probable cause for his detention.

Plaintiff, however, confuses the issue of probable cause with the issue of guilt beyond a reasonable doubt. The Findings and Recommendation correctly notes that "the issue is not whether Carr was convicted, but whether probable cause supported his arrest in the first instance." Findings and Recommendation at 19. Here, the uncontradicted evidence is that police dispatchers relayed to the responding officers that school officials complained of a man dressed in full army camouflage gear who was standing on or near school property." Pl.'s Resp. Opposition Mot. Summ. J., Ex. I. It is undisputed that the principal of the school told an officer that Carr had been on school grounds and refused to leave when asked, and that Carr refused to answer the officer's questions, instead electing to turn his back on the officer and yell more loudly at the school children.

While plaintiff may now contest the accuracy of the eyewitness accounts, there is no dispute about the uncontradicted information those eyewitnesses conveyed to the police. Therefore, this court agrees with the factual findings of the Findings and Recommendation and concurs that those facts established probable cause to detain plaintiff.

4      - ORDER

### 3. *Monell* Entity Liability

Plaintiff argues that the Findings and Recommendation "improperly rejected [p]laintiff's arguments as to evidence of a pattern and practice of improper civil rights training activity by both [the City and the School District]." Pl.'s Objections at 5. Plaintiff cites Ninth Circuit case law for the proposition that deliberate indifference to providing police officers with First Amendment training can constitute "custom or practice" for purposes of *Monell* entity liability. *Id*. However, plaintiff offers no evidence that demonstrates either deliberate indifference or a lack of training on the part of the City or the School District.

Plaintiff argues that the deposition of Officer Ambrose indicates that the City "failed to provide any training whatsoever as to First Amendment rights and religious expression . . . on the city sidewalks and other public [areas]." Pl.'s Objections at 5. Plaintiff apparently relies on Officer Ambrose's following statement: "I don't recall a specific class on First Amendment, you know, for one hour, Second Amendment for two hours." Pl.'s Resp. Opposition Mot. Summ. J., Ex. H. However, in the same deposition cited by plaintiff, Officer Ambrose was asked: " . . . [B]efore the arrest in 2004 of Mr. Carr, had you had any specific training – against, specific training to First Amendment expression or religious opinion, at that time?" Officer Ambrose responded, "[y]es . . . [w]e did cover some of those." Pl.'s Resp. Opposition Mot. Summ. J., Ex. H. Thus, the very document raised by plaintiff stands in direct contradiction to his theory. Therefore, this court affirms the Findings and Recommendation, that "Carr has failed to garner sufficient evidence to proceed with a *Monell* claim." Findings and Recommendation at 15.

### 4. School District's Joint Liability

Plaintiff contends that the School District is jointly liable "for causing [p]laintiff's false arrest by instigating his imprisonment through false and misleading information which was

presented to the [City] police department . . ."  Pl.'s Objections at 11.  However, joint liability is

inapplicable here because defendants have succeeded on their motions for summary judgment,

and therefore, no primary liability exists.  Furthermore, even if defendants were found liable,

Oregon law cuts against plaintiff's argument:

> "'Instigation consists of words or acts which direct, request, invite
> or encourage the false imprisonment itself. In the case of an arrest,
> it is the equivalent, in words or conduct, of 'Officer, arrest that
> man!' It is not enough for instigation that the actor has given
> information to the police about the commission of a crime, or has
> accused the other of committing it, so long as he leaves to the
> police the decision as to what shall be done about any arrest,
> without persuading or influencing them . . .'"

*Pearson v. Galvin*, 454 P.2d 638, 641 (Or. 1969) (quoting RESTATEMENT (SECOND) OF TORTS §

45A cmt. c.).  All evidence indicates that School District officials provided police with the

information available at the time, and then left for the City the decision of how to resolve the

situation. Therefore, plaintiff's joint liability claims fail to survive summary judgment.

## CONCLUSION

For the reasons provided, the Magistrate Judge's Findings and Recommendation [75] is

ADOPTED.

IT IS SO ORDERED.

Dated this ⸺ day of July, 2007.

                                        Ancer L. Haggerty
                                        United States District Judge